IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ANTONIO DEVON JOHNSON**  :<br>       :<br>    **Plaintiff,**  :<br>       :<br>    v.  :<br>       :     **Case No.**<br>**SHONEY'S, INC. and TOM**  :     **7:04-CV-68 (HL)**<br>**GRAFFO,**  :<br>       :<br>    **Defendants.**  :<br>       : | |

# **O R D E R**

Before this Court is Defendants' Motion for Summary Judgment (Doc. 11). For the reasons set forth below, the Motion is granted.

**I.    FACTS**

Plaintiff, Antonio Devon Johnson, was employed from August of 2002, through June of 2003, as a dishwasher for Defendant Shoney's Valdosta restaurant. (Johnson Dep. at 9-10.) Defendant Tom Graffo was employed as the General Manager of Shoney's Valdosta restaurant, (Graffo Dep. at 6), and Kay Winningham was employed as the Training Manager at the same restaurant. (Winningham Dep. at 4.)

Graffo worked during the day and supervised employees on the day shift, whereas Winningham worked during the evening and supervised employees on the evening shift. (Graffo Dep. at 6; Winningham Dep. at 7.) Plaintiff was employed on the evening shift, reporting to Winningham, and during his employment only worked on one occasion with Graffo. (Johnson Dep. at 20-21, 45-46.)

In April of 2003, Johnson alleges that Graffo said to him, "Come with me to the motel[,] and I will take you home the next morning. That your girlfriend wouldn't

know." (Johnson Dep. at 40.)  After this conversation Graffo never spoke with Plaintiff again. (Johnson Dep. at 42.)  Plaintiff did not miss any work because of the incident. (Johnson Dep. at 92.)

Shoney's has a policy prohibiting sexual harassment. (Johnson Dep. at 46.)  The policy is communicated in the following ways to employees: explained during orientation; published in a handbook; detailed on a poster which hangs on a wall at the restaurant; and printed on each employee's paycheck notifying the employee that if he has a complaint about sexual harassment, he can call Shoney's toll free number. (Johnson Dep. at 46-49.)  Plaintiff contacted Shoney's toll free employee help line and reported Graffo's statement.  (Compl. ¶ 4; Graffo Dep. ¶ 52.)

Winningham terminated Plaintiff's employment for reasons unidentified in her deposition.  (Winningham Dep. at 5; Johnson Dep. at 72.)  Graffo was not involved in the decision to terminate Plaintiff's employment.  (Graffo Dec. ¶ 9; Winningham Dep. at 5, 6.)  Plaintiff claims that he was fired because he made a complaint of sexual harassment.  Plaintiff never filed a charge with the Equal Employment Opportunity Commission.  (Johnson Dep. at 38).

This case was originally filed in the Superior Court of Lowndes County, Georgia, but Defendants removed it to this Court based on federal question jurisdiction and diversity of citizenship jurisdiction.  Defendants filed a Motion for Summary Judgment on all counts.  It is this motion that the Court considers below.

**II.   LAW**

    **A.   Summary Judgment Standard**

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," then summary judgment must be granted. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine

issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the non-moving party. Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1560 (11th Cir. 1995). The Court may not, however, make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" which would entitle the moving party to a judgment as a matter of law. Celotex, 477 U.S. at 323 (internal quotation marks omitted). If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Here, Plaintiff's Complaint alleges: (1) sexual harassment; (2) violation of equal protection; (3) malicious discharge; (4) intentional infliction of emotional distress; and (5) punitive damages, litigation costs, and attorney's fees. Defendants moved for

summary judgment on all claims. Before, addressing each claim in turn, the Court shall address a procedural issue.

### B.     Summary Judgment as Sanction

Defendants argue that Plaintiff has abandoned many of his claims. Specifically, because Plaintiff failed to address all but one issue raised by Defendants' Motion for Summary Judgment, Defendants urge the Court to dismiss the unaddressed claims. Defendants' argument is contrary to the law.  The Court cannot automatically grant summary judgment as a sanction when a party fails to respond to a motion for summary judgment. Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Employers v. Wolf Crane Serv., Inc., 374 F.3d 1035, 1040 (11th Cir. 2004).  It is true that Federal Rule of Civil Procedure 56(e) provides that where "the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party." Fed. R. Civ. P. 56(e); Wolf Crane, 374 F.3d at 1039.  But, summary judgment is only *appropriate* "where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wolf Crane, 374 F.3d at 1039 (internal quotation marks omitted). Thus, it is not appropriate to grant summary judgment without considering the merits of the motion. Id. at 1040.

Here, treating the unaddressed claims as abandoned is tantamount to an impermissible sanction in the form of a dismissal.  Consequently, the Court must still determine whether Defendants satisfied their initial responsibility of demonstrating that no genuine issue of material fact exists and whether they are entitled to summary judgment as a matter of law. Nevertheless, such shoddy and underwhelming pleadings

do not help Plaintiff's case.[1]  Plaintiff's counsel's failure to address various aspects of Defendants' Motion for Summary Judgment deprives the Court of Plaintiff's legal arguments and insights to the case.  The party truly affected by this poor legal performance, lamentably, is Plaintiff.  In any event, the Court shall analyze each claim set forth in the Motion for Summary Judgment, whether or not it was addressed by Plaintiff's counsel.

### C. Sexual Harassment

Plaintiff's Complaint sets forth the following regarding sexual harassment, "Plaintiff is entitled to recover damages from these Defendants which resulted directly and proximately from the sexual harassment by Defendant Grasso." (Compl. ¶ 15.) The Complaint makes no reference to any state or federal law.  Therefore, the Court assumes that Plaintiff seeks recovery under the applicable state and federal laws.  The Court addresses the applicable theories of recovery below.

#### 1. Title VII – Sex Discrimination

The Court construes Plaintiff's Complaint to allege sex discrimination under Title VII.  Before a potential plaintiff may sue for discrimination under Title VII, he must first exhaust his administrative remedies.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).  "The first step down this path is filing a timely charge of discrimination with the EEOC."  Id. (citing 42 U.S.C. § 2000e-5(b) (1994); Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000)).  Generally, failing to file a timely charge of discrimination with the EEOC constitutes proper grounds for granting summary judgment to an employer.  Thomas v. Kroger Co., 24 F.3d 147, 150 (11th Cir.

---

[1] Plaintiff's Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment consisted of only ten lines of text, addressed only one issue raised by Defendants, and contained only one citation to authority. (Plf.'s Resp. Defs.' Mot. Summ. J. at 2.)

1994) (holding that district court properly granted summary judgment to employer when employee failed to file a charge of discrimination with the EEOC); Manning v. Carlin, 786 F.2d 1108, 1108-09 (11th Cir. 1986) (same).

Here, Defendants argue that Plaintiff admitted that he never filed a timely charge of discrimination with the EEOC. Plaintiff did not respond directly to this argument. The Court's review of the evidence shows that Defendants are correct, and Plaintiff has offered no argument why the administrative exhaustion rule should not apply to him. Therefore, Plaintiff has failed to exhaust his administrative remedies, entitling Defendants to summary judgment on this issue.

### 2. Sex Discrimination Under Georgia Law

Regarding a possible sex discrimination in employment claim under Georgia law, Defendants argue that Georgia law only recognizes sexual discrimination with respect to pay practices under O.C.G.A. § 34-5-1 (Michie 2004). Plaintiff failed to respond to this argument. The Court's review of Georgia's law on sex discrimination in employment reveals that Georgia offers relief only for sex discrimination regarding wage practices. O.C.G.A. §§ 34-5-1 to 7. Therefore, Defendants are correct and are entitled to summary judgment on this issue.

### D. Equal Protection

Plaintiff's Complaint sets forth an equal protection claim without specifying whether he invoked the United States Constitution's Equal Protection Clause or Georgia's equal protection provisions. The Court construes Plaintiff's Complaint as seeking recovery under the applicable federal and state law and analyzes both below.

### 1. U.S. Constitution's Equal Protection Clause

The Court assumes that Plaintiff's federal equal protection claim is grounded in Defendants' alleged retaliatory conduct. However, the right to be free from retaliation

is enshrined in the First Amendment right and under Title VII; no such right exists under the Equal Protection Clause. Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997); Ratliff v. DeKalb County, 62 F.3d 338, 340 (11th Cir. 1995).  Thus, on one hand, if Plaintiff believed his alleged retaliatory dismissal was a result of his gender, that allegation would constitute part of a proper equal protection discrimination claim. Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997) (citing Beardsley v. Webb, 30 F.3d 524, 529-30 (4th Cir. 1994)).

But on the other hand, in this case Plaintiff's claim seems to be a pure or generic retaliation claim, which does not implicate the federal Equal Protection Clause. Watkins, 105 F.3d at 1354.  Thus, to the extent Plaintiff contends that he was dismissed because of his expressive activity, the claim arises under the First Amendment. Id. (citing Thompson v. City of Starkville, 901 F.2d 456, 468 (5th Cir. 1990) (dismissing plaintiff's equal protection claim in retaliation case because it "amounts to no more than a restatement of his first amendment claim"); Vukadinovich v. Bartels, 853 F.2d 1387, 1391-92 (7th Cir. 1988) (finding that plaintiff's equal protection retaliation claim, based on allegation that "he was treated differently because he exercised his right to free speech," "is best characterized as a mere rewording of [his] First Amendment-retaliation claim")).

Most importantly, however, Defendants argue that there has been no evidence suggesting that Defendant Shoney's and Defendant Graffo are either state actors or private parties acting under the color of state law.  Plaintiff offered no argument on this issue.  Defendants are correct.  Generally, non-governmental Defendants are not constrained by the First Amendment of the United States Constitution. Havas v. Communications Workers of Am., 509 F. Supp. 144, 147 (D.C.N.Y. 1981) (citing cases). Quite simply, the First Amendment simply does not apply to the Defendants in

this case; consequently, Defendants are entitled to summary judgment on this issue.

### 2. Georgia's Equal Protection Provisions

The Court need not analyze the distinction, to the extent it exists, between equal protection and freedom of speech as they apply to retaliatory discharge under Georgia law. This is because, under either Georgia's equal protection provisions or freedom of speech guarantees, Plaintiff's state law claim would still fail by virtue of absence of state conduct. Spencer v. McCarley Moving & Storage Co., Inc., 330 S.E.2d 753, 757 (Ga. Ct. App. 1985) (equal protection guarantees in Georgia generally circumscribe governmental conduct, not private conduct); see McKenzie v. State, --- S.E.2d ----, No. S05A0298, 2005 WL 949247, at *1 (Ga. 2005) (stating, "Freedom of speech is one of the fundamental personal rights and liberties protected from governmental intrusion by . . . the Bill of Rights contained in Georgia's Constitution"). Because Plaintiff has offered no evidence of state conduct, Defendants are entitled to summary judgment on this issue.

### E. Malicious Discharge

Plaintiff's Complaint alleges that he was maliciously discharged from his job; however, Plaintiff fails to identify the applicable federal or state employment laws that support his claim. Therefore, the Court construes the claim as one arising under Title VII and under the public policy exception to Georgia's at will employment regime. To the extent Plaintiff's malicious discharge claim states a cause of action under Title VII for retaliatory discharge based on sex discrimination, Defendant is entitled to summary judgment for the same reasons set forth in Section II(C)(1) of this Order. To the extent Plaintiff's malicious discharge claim attempted to state a cause of action under Georgia law, Defendants argue that Plaintiff was an at will employee who could be discharged under Georgia law for any reason regardless of motivation. Plaintiff responds that Georgia law does not allow discharge for racial reasons or for other reasons contrary to public policy. Specifically, Plaintiff states that if discharge based on race violated

public policy, "the firing of a normal heterosexual by a homosexual because the heterosexual refused to engage in homosexual activities with a homosexual employer, would be all the more reason opposed to public policy, opposed to common decency, common law and common sense." (Plf.'s Resp. Defs.'s Mot. Summ. J. at 2.) Plaintiff's argument is unavailing.

Georgia is an at will employment state in which an employer can discharge an employee for any reason, regardless of motive. Eckhardt v. Yerkes Reg'l Primate Ctr., 561 S.E.2d 164, 164 (Ga. Ct. App. 2002). Further, the Eckhardt court recognized that while there were certain legislatively created exceptions to this rule, it was not the court's place to create new exceptions. Id. at 164-65. Consequently, the Eckhardt court refused to recognize whistle blowing as a public policy exception to Georgia's at will employment law because Georgia's General Assembly had not created such an exception. Id. Moreover, these underlying principles of judicial restraint and deference to Georgia's General Assembly were recently reaffirmed by the Supreme Court of Georgia in Balmer v. Elon Corp., 278 Ga. 227, 228 (Ga. 2004).

Here, Plaintiff's appeal to public policy fails. Georgia's General Assembly has not created Plaintiff's suggested public policy exception to its at will employment discrimination laws, and Plaintiff has cited no authority otherwise. Consequently, Plaintiff asks this federal Court to create substantive law for the State of Georgia when Georgia's own state courts have declined to create such exceptions and laws. This the Court will not do. Therefore, Defendants are entitled to summary judgment on this issue.

**F.     Intentional Infliction of Emotional Distress**

To state a claim for IIED under Georgia law, Plaintiff must prove four elements: (1) Defendant's conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) the conduct caused Plaintiff emotional distress; and (4) Plaintiff's emotional distress was severe. McClung Surveying, Inc. v. Worl, 541 S.E.2d 703, 707

(Ga. Ct. App. 2000) (citing Ashman v. Marshall's of MA, Inc., 535 S.E.2d 265 (Ga. Ct. App. 2000)). Plaintiff must meet all four of these elements to be successful. Perrin v. City of Elberton, Ga., No. 3:03-CV-106(CDL), 2005 WL 1563530, at *13 (M.D. Ga. 2005) (citing and applying Georgia law). Regarding the fourth element, to constitute "severe" emotional distress, the distress must be such that "no reasonable person could be expected to endure it." O'Neal v. Home Town Bank of Villa Rica, 514 S.E.2d 669, 676 (Ga. Ct. App. 1999). Defendants argued and set forth evidence that Plaintiff failed to suffer extreme emotional distress from the incident, and Plaintiff has failed to identify for the Court any evidence suggesting that Plaintiff suffered severe emotional distress. This is a problem.

"[J]udges have no duty to scour the file in search of evidence." See Witbeck v. Embry Riddle Aeronautical Univ., Inc., 219 F.R.D. 540, 547 (M.D. Fla. 2004) (citing L.S. Heath & Son v. A.T. & T. Info. Sys., 9 F.3d 561, 567-68 (7th Cir. 1993)). Indeed, it might seem contradictory that on one hand the purpose of summary judgment is to dispose of meritless cases or those that totally lack evidentiary support, but on the other hand that the Court is under no duty to ferret out evidence to ensure that a non-moving party's case is in fact meritless. Id. In addition to seeming contradictory, this proposition may seem cruel and unjust, as the Court might ignore possibly helpful evidence just because no party has pointed to it. Id. Nevertheless, the shifting burdens that apply to a motion for summary judgment specifically put the burden on the adverse party – not the district court – to "set forth specific facts showing that there is a genuine issue for trial." Id. (citing Fed. R. Civ. P. 56).

Here, Defendants submitted evidence, indeed Plaintiff's own admission, that he missed no work because of the incident with Graffo, suggesting the absence of severe emotional distress. In response, Plaintiff has failed to identify for the Court any evidence demonstrating that he suffered severe emotional distress, and the Court refuses to cull the depositions and other evidence in search of it. Therefore, because

Plaintiff failed to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact about this element, or that Defendants are not entitled to judgment as a matter of law, Defendants are granted summary judgment on this claim.

### G.     Damages, Costs and Fees

Defendant argues that since Plaintiff has not prevailed on any claim, he is not entitled to punitive damages, costs, or attorney's fees. Plaintiff did not rebut this argument. Since all Plaintiff's federal and state claims were decided against him, the Court is aware of no authority, and Plaintiff has cited none, which would entitle him to punitive damages. Likewise, the Court is aware of no authority, and Plaintiff has cited none, that would entitle him to costs and attorneys' fees under these circumstances. As such, Defendants are entitled to summary judgment on these issues.

## III.    CONCLUSION

Defendants' Motion for Summary Judgment (Doc. 11) is granted.

SO ORDERED, this the 18th day of August, 2005.

   /s/ Hugh Lawson  
**HUGH LAWSON, Judge**

jmb

-11-